## EATON AXLE & SPRING CO. v. UNITED STATES.

### No. K-162.

Court of Claims.
May 7, 1934.

Frank S. Bright, of Washington, D. C., for plaintiff.

Elizabeth B. Davis, of Washington, D. C., and Frank J. Wideman, Asst. Atty. Gen. (James A. Cosgrove, of Washington, D. C., on the brief), for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

WILLIAMS, Judge.

This is a suit to recover a refund of excise sales taxes in the amount of $21,066.18, paid by plaintiff on the sales of automobile bumpers and springs during the period from August 1, 1923, to March 31, 1925. The taxes were collected under the provisions of section 900 (3) of the Revenue Act of 1921, and section 600 (3) of the Revenue Act of 1924, respectively.

The taxes were paid by plaintiff on the basis of the prices at which its subsidiary sold the articles to the retail trade or to the ultimate consumer. Sales by plaintiff to its subsidiary are conceded to have been absolute and at prices and under terms such as ordinarily obtained in sales made by plaintiff to car manufacturers at wholesale. The defendant concedes that the taxes should have been computed on the basis of the price at which the articles were sold by plaintiff to its subsidiary, and that plaintiff is entitled to a refund of $17,633.56. The controversy relates to the balance claimed, $3,432.62; the sole question being whether the tax should be computed on 5 per cent. of the total sales price from August 1, 1923, to July 1, 1924, and at 2½ per cent. from July 1, 1924, to March 31, 1925, or on 1/21 and 1/41 of the sales price for these two periods, respectively.

While plaintiff computed the tax on the basis of 1/21 or 1/41 of the invoice price of the sales by the subsidiary to its customers, there is nothing in the record to show how the subsidiary invoiced its customers. Neither does the record show how the plaintiff invoiced the subsidiary. In these circumstances, the mere fact that plaintiff computed the tax on sales to the subsidiary on the basis of 1/21 and 1/41 of the sales price by the subsidiary did not amount to notice to the subsidiary that the sale price to it represented 21/20 and 41/40 of the list price, respectively. There is no proof that the plaintiff, in sales to the subsidiary, quoted the selling price and the tax in separate and exact amounts, or rendered invoices segregating these amounts within the requirements of article 3 of Regulations 47 (revised December 1921 and August 1924). Article 3 of Regulations 47, therefore, has no application, and the tax is properly computable on the basis of 5 per cent. of the actual sales price to the subsidiary. Upon this basis of computation plaintiff has overpaid its taxes in the amount of $17,633.56, and is entitled to judgment in that amount, with interest as provided by law.

Judgment in the amount stated is ordered to be entered.

BOOTH, Chief Justice, and WHALEY, LITTLETON, and GREEN, Judges, concur.